## CIRCUIT COURT OF NELSON COUNTY

Jeffrey A. Hall et al.

v.

Robert John Dove et al.

August 6, 1996

Case No. (Chancery) 96-16

By Judge J. Michael Gamble

I am writing this letter to rule on the motion for declaratory judgment in this case. The parties have stipulated to the facts and insurance contracts. This matter was argued on August 5, 1996. I took the case under advisement to review the briefs and case authorities.

After considering the arguments and reviewing the authorities, I find that the plaintiff, Jeffrey A. Hall, is an insured under both the liability and underinsured motorist provisions of the Virginia Mutual Insurance Company policy issued to John Robert Dove. I further find that Virginia Mutual Insurance Company is entitled to offset its underinsured motorist coverage by the amount of the liability insurance available to the plaintiffs under the Virginia Mutual Insurance Company policy. I further rule that Southern Insurance Company of Virginia is not entitled to an offset and that its entire coverage, in the amount of $25,000.00, is available to plaintiffs in the event that the plaintiffs establish defendants' liability in an amount in excess of $50,000.00.

The above ruling means that Jeffrey A. Hall has $50,000.00 of insurance coverage available under the Virginia Mutual Insurance Company policy and $25,000.00 under the Southern Insurance Company of Virginia policy.

Under the agreed facts of this case, Jeffrey A. Hall was injured in an automobile accident on May 6, 1994. The motor vehicle was driven by

Robert John Dove, and Jeffrey A. Hall was a passenger. This was a single vehicle accident in Nelson County, Virginia.

At the time of the accident, the Dove vehicle was insured by Virginia Mutual Insurance Company under a policy with $50,000.00 of liability coverage and $50,000.00 of underinsured motorist coverage. Further, at the time of the accident, Hall was insured by a Southern Insurance Company of Virginia policy issued to his father, Rankin A. Hall. The Southern policy had underinsured motorist coverage limits of $25,000.00.

The issue presented in the motion for declaratory judgment is whether Hall may recover under the underinsured motorist provisions of the Southern policy for injuries and damages sustained in the May 6, 1994, accident. This Court finds that he may recover under the underinsured motorist provisions of the Southern policy.

Section 38.2-2206 of the Code of Virginia states in part as follows:

> A vehicle is "underinsured" when, to the extent that, the total amount of bodily injury coverage applicable to the operation or use of the motor vehicle and available for payment of such bodily injury . . . is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.

The total amount of the bodily injury coverage available to Hall under the Dove policy is $50,000.00. The Virginia Mutual policy issued to Dove also provided for $50,000.00 of uninsured motorist coverage. Hall, of course, as a passenger in the vehicle of Dove, is insured by this coverage. Additionally, Hall's father had a policy through Southern that afforded $25,000.00 of uninsured motorist coverage. Therefore, the total amount of uninsured motorist coverage is $75,000.00 available to Hall as a result of this accident.

Thus, the amount of bodily injury insurance is $50,000.00, and the "total amount of uninsured motorist coverage afforded any injured person" is $75,000.00. Accordingly, under the literal provisions of § 38.2-2206 of the Code of Virginia, the motor vehicle of Hall is underinsured, and the extent of the insurance coverage is $75,000.00. Because Virginia Mutual receives a credit for its bodily injury insurance under the provisions of § 38.2-2206, the amount of coverage it affords to Mr. Hall is $50,000.00. Southern is responsible for all sums up to $25,000.00 after the $50,000.00 policy of Virginia Mutual is exhausted.

In *USAA v. Alexander*, 248 Va. 185, 192 (1994), the Supreme Court of Virginia held that "when the language of the statute is clear and unambiguous, courts must accept plain meaning and not resort to extrinsic evidence or the rules of construction." In the instant case, the statute is abundantly clear that the *total* amount of uninsured motorist coverage must be compared to the bodily injury coverage to determine when, and to the *extent*, that underinsurance is available. Section 38.2-2206(B), Code of Virginia, as amended.

In *USAA v. Alexander*, the Supreme Court further held that under § 38.2-2206, underinsurance coverage is determined "by a comparison of the total amount of uninsured motorist coverage afforded any person with the total amount of liability insurance available for payment." *USAA v. Alexander*, 248 Va. 185, 194 (1994).

Accordingly, pursuant to this ruling, the relief sought by the plaintiffs in their motion for declaratory judgment is granted.